# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60852
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH TERRELL KELLY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CR-146-2

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joseph Terrell Kelly appeals the revocation of his supervised release. He contends that the district court erred in finding that he violated the conditions of his supervised release by committing the new criminal offense of being a felon in possession of a firearm. Kelly concedes that he was a convicted felon and was arrested in possession of a gun but asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was legally justified in possessing the gun because he took it to protect himself from an imminent threat of danger.

Viewing the evidence in the light most favorable to the government, a reasonable trier of fact could have concluded that Kelly committed the offense of being a felon in possession of a firearm and was not entitled to the defense of justification. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). The evidence does not support the conclusion that Kelly had the gun in response to an imminent threat of harm or that, in reacting to a reasonable and immediate fear for his life and safety, he temporarily possessed the gun in the course of defending himself. *See United States v. Gant*, 691 F.2d 1159, 1162 (5th Cir. 1982); *United States v. Panter*, 688 F.2d 268, 272 (5th Cir. 1982). Neither does the record support a conclusion that there was a continuing threat to Kelly's – or any other person's – life or safety when he was found with the gun approximately four hours after he first took possession of it. Kelly may not assert the defense of justification when, as here, there was not a real emergency that left no time to seek a reasonable, legal alternative, and when he had the firearm for a significant period after the purported time of endangerment. *See Gant*, 691 F.2d at 1163-64; *Panter*, 688 F.2d at 272.

In sum, there was sufficient evidence to support the conclusion that Kelly violated the conditions of his supervised release and that revocation was merited. *See* 18 U.S.C. § 3583(e)(3); *United States v. Jang*, 574 F.3d 263, 265-67 (5th Cir. 2009). The district court's judgment is AFFIRMED.